IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROSETTA VALERIE CANNATA,

    Petitioner,

v.                                            Case No. 5:23cv14/MCR/MAL

WARDEN KEVIN PISTRO

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Rosetta V. Cannata commenced this action by filing a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her conviction in the U.S. District Court for the Middle District of Florida. ECF No. 1. Respondent filed a "Response in Opposition to § 2255 Petition, Mischaracterized as a § 2241 Petition and Misfiled in the District of Confinement." ECF No. 8. Petitioner did not file a reply, although she filed a notice of change of address reflecting her placement on home confinement. ECF No. 9.

DISCUSSION

In 2017, a jury in the U.S. District Court for the Middle District of Florida Case 8:15cr264/SDM/AAS-2 found Petitioner guilty of conspiracy to distribute and dispense controlled substances, four counts of sale, distribution or dispensing of controlled substances, and one count of conspiracy to smuggle an alien into the

United States. M.D. Fla. Case 8:15cr264 ECF No. 229. She was sentenced to a term of 151 months' imprisonment. The Eleventh Circuit affirmed on November 8, 2019. *See* M.D. Fla. Case 8:15cr264 ECF No. 288. In May of 2020, Petitioner filed a motion in the district of her conviction challenging her conviction and sentence under 28 U.S.C. § 2255. M.D. Fla. Case 8:20cv1216-SDM-AAS. That motion remains pending.

In January of 2023, Petitioner filed the instant § 2241 petition in this Court, which at the time was the district of her confinement.[1] She raises two grounds for relief. First, she claims her federal prosecution in the Middle District of Florida violated the Tenth Amendment to the extent the federal government interfered with the states' exclusive police powers over the regulation of medical licenses. ECF No. 1-1 at 4-8. Second, she asserts the facts and law do not support her § 841(a)(1) convictions under the Supreme Court's decision in *Ruan v. United States* 142 S. Ct. 2370 (2022). ECF No. 1-1 at 9. On the petition form, Petitioner also mentions a request for "punitive damages for health damages due to the BOP's negligence in care and due to an illegal incarceration" without any additional explanatory background. ECF No. 1 at 5.

---

[1] Petitioner is now serving the remainder of her sentence on home confinement in Sarasota, Florida. ECF No. 9.

As the title to the Warden's response to the petition indicates, he seeks dismissal of the § 2241 petition. Respondent notes Petitioner has not exhausted her administrative remedies as to any of her claims. ECF No. 8 at 7-10. More significantly, he asserts Petitioner's claims have been brought in the wrong court under the wrong statute. Respondent is correct.

The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. 1981); *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008); *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also Chambers v. United States*, 106 F.3d 472, 474–75 (2nd Cir.1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition). Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2nd Cir. 2008). A collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Antonelli*, 542 F.3d at 1351; *Jordan,* 915 F.2d at 629; *McGhee v.*

*Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985).

Respondent notes in his response that Petitioner has not moved to amend her pending § 2255 petition in the Middle District to include the claims raised in the instant motion. ECF No. 8 at 4. However, in June of 2023, after this case became ripe for review, Petitioner filed an "Addendum to 2255 Motion to Vacate Case under *Ruan v. USA*," which includes both claims raised in the instant § 2241 motion. *See* M.D. Fla. Case 8:20cv1216, ECF No. 17. Irrespective of Petitioner's Addendum, I would find the instant § 2241 motion is due to be dismissed because it was not properly brought under § 2241 in accordance with the law set forth above.[2]

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

---

[2] To the extent Petitioner's mention of "health damages due to the BOP's negligence" is an attempt to state an independent claim, such a claim does not sound in habeas and also requires administrative exhaustion. *See Alexander v. Hawk*, 159 F. 3d 1321, 1324-25 (11th Cir. 1998). Furthermore, Petitioner cannot recover damages for an allegedly unconstitutional incarceration unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

At Gainesville, Florida on July 17, 2023.

                                      s/ *Midori A. Lowry*
                                      Midori A. Lowry
                                      United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.